UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER DEAN O.,            ) | No. SACV 19-163 AGR |
|              Plaintiff,            ) | |
|                         v.            ) | MEMORANDUM OPINION AND ORDER |
| ANDREW SAUL,            ) | |
| Commissioner of Social Security,            ) | |
|              Defendant.            ) | |

Plaintiff[1] filed this action on January 28, 2019.  The parties filed a Joint Stipulation that addressed the disputed issues.  The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.[3]

---

[1]  Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 9, 10.)

[3]  This order is without prejudice to the determination of an onset date in a subsequent application for benefits, as explained below.

**I.**

## PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on March 23, 2015, and alleged an onset date of September 4, 2014.  Administrative Record ("AR") 11. The application was denied initially and on reconsideration.  AR 11, 130, 145.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On August 10, 2017, the ALJ conducted a hearing at which Plaintiff and a vocational expert testified.  AR 95-115.  On December 7, 2017, the ALJ issued a decision denying benefits.  AR 8-26.  On December 3, 2018, the Appeals Council denied review.  AR 1-6.  This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

III.

## DISCUSSION

### A.   Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B.   The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2019.  AR 14.  Following the five-step sequential analysis applicable to disability determinations, *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[4] the ALJ found that Plaintiff had the severe impairments of osteoarthritis of the right shoulder; degenerative disc disease of the cervical and lumbar spine; and a mental impairment variously diagnosed as anxiety disorder and mood disorder.  AR 14.

The ALJ found that Plaintiff had the residual functional capacity to lift/carry/push/ pull 20 pounds occasionally and 10 pounds frequently; reach in all directions with the upper extremities frequently but overhead reach on the right only occasionally; sit/ stand/walk for six hours in an eight-hour workday with normal breaks; push and pull on the right occasionally; and stoop, kneel, crouch

---

[4]  The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsbury*, 468 F.3d at 1114.

1    and climb ladders occasionally.  Plaintiff should avoid exposure to unprotected
2    heights, other workplace hazards, extreme cold and heavy vibration.  Plaintiff
3    cannot operate a motor vehicle commercially.  Plaintiff is limited to performing
4    routine repetitive tasks in a non-fast-paced work environment with no high
5    production quota and with only superficial interaction with people.  AR 17.

6        The ALJ found that Plaintiff was unable to perform any past relevant work
7    but could perform jobs that exist in significant numbers in the national economy
8    such as routing mail clerk/sorter, cafeteria attendant, and hotel/motel
9    housekeeper.  AR 23-25.

10       **C.   Examining Physician**

11       Plaintiff argues that the ALJ erred in rejecting the reaching limitations in the
12   opinion of the examining physician, Dr. Afra.

13       An examining physician's opinion constitutes substantial evidence when it
14   is based on independent clinical findings.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th
15   Cir. 2007).  When an examining physician's opinion is contradicted, "it may be
16   rejected for 'specific and legitimate reasons that are supported by substantial
17   evidence in the record.'"  *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir.
18   2008) (citation omitted).  "When there is conflicting medical evidence, the
19   Secretary must determine credibility and resolve the conflict."  *Thomas v.
20   Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks
21   omitted).

22       The ALJ gave significant weight to Dr. Afra's opinion.  AR 21.  The ALJ
23   acknowledged that Dr. Afra limited Plaintiff to occasional reaching but concluded
24   that the overall evidence in the record did not support a limitation of less than
25   frequent reaching.  AR 21-22.  The ALJ cited Plaintiff's multiple normal
26   musculoskeletal examinations with Dr. Gross in 2014-2015, including one
27   examination ten days before Dr. Afra saw Plaintiff.  The ALJ cited more recent
28   records in December 2016 and February 2017 that referred to shoulder surgery

4

but did not contain a upper extremity diagnosis to support greater reaching limitations.  AR 22.  Plaintiff submitted to the Appeals Council additional records for that time period.[5]  The Appeals Council found that this evidence "does not show a reasonable probability that it would change the outcome of the decision."  AR 2.

Dr. Afra performed an internal medicine examination on June 19, 2015.  AR 353. Dr. Afra contacted Plaintiff's primary doctor and obtained copies of the MRIs of the cervical and lumbar spine, and shoulder.  AR 355.  As relevant here, Dr. Afra opined that Plaintiff is limited to occasional reaching of the right arm.  Dr. Afra noted that the MRIs indicated AC osteoarthritis, supraspinatus and infraspinatus tendinosis, synovial effusion, and subacromial/subdeltoid bursitis as well as anterior labral tear and superoposterior labral tear.  AR 360.

Plaintiff argues that, in discounting Dr. Afra's limitation to occasional reaching with the right arm, the ALJ unreasonably relied on the examinations by Dr. Gross, a treating physician who at that time treated Plaintiff for a hernia.  AR 324.  Dr. Gross noted normal musculoskeletal examinations during the period September 2014 through June 9, 2015, albeit with active back pain and shoulder pain.  AR 326, 329-31, 334-36, 340-42.  While the reason Plaintiff saw Dr. Gross may have been a hernia, Plaintiff spoke to Dr. Gross about his other pain and nothing in the record indicates Dr. Gross would be unable to diagnose or treat a shoulder problem.  Subsequent records from Dr. Gross indicate that he ordered a lumbar spine MRI based on back pain in April-July 2016.  AR 494-96, 524.  The ALJ correctly noted that the more recent medical records noted shoulder surgery in February 2017 but did not contain any specific findings to support greater than occasional overhead reaching with the right arm and frequent

---

[5]  AR 2, 44-52, 58-66, 69-74, 77-86, 91, 93-94.

1   reaching in other directions with the right arm.  AR 527; *see also* AR 501, 531-32
2   (noting chronic right shoulder pain).

3       **D.    Subjective Allegations**

4       In assessing a claimant's subjective allegations, the Commissioner
5   conducts a two-step analysis.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
6   2009).  First, the ALJ determines whether the claimant presented objective
7   medical evidence of an impairment that could reasonably be expected to
8   produce the symptoms alleged.  *Id.*  The ALJ found that Plaintiff's medically
9   determinable impairments could reasonably be expected to cause the alleged
10  symptoms.  AR 19.

11      Second, when as here the record does not contain evidence of
12  malingering, the ALJ must give specific, clear and convincing reasons for
13  discounting the claimant's subjective allegations.  *Vasquez*, 572 F.3d at 591.

14      The ALJ found that Plaintiff's statements concerning the intensity,
15  persistence and limiting effects of his symptoms were inconsistent with the
16  objective medical evidence and other evidence in the record.  AR 19.  The ALJ
17  may rely on lack of objective medical evidence to support the severity of
18  Plaintiff's subjective allegations as one factor in the analysis, although it may not
19  rely exclusively on that factor to discount Plaintiff's subjective allegations.  *Rollins*
20  *v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The ALJ may also rely on a
21  claimant's daily activities and his statements to physicians.  *See Molina v.*
22  *Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities
23  suggest some difficulty functioning, they may be grounds for discrediting the
24  claimant's testimony to the extent that they contradict claims of a totally
25  debilitating impairment."); *Valentine v. Comm'r*, 574 F.3d 685, 693 (9th Cir. 2009)
26  (same); *Thomas*, 278 F.3d at 958-59 (noting ALJ may rely on inconsistencies in
27  claimant's statements).

28

At the hearing in August 2017, Plaintiff testified that initially, after right shoulder surgery in March 2017, he could not lift his right arm.  With time and physical therapy, he can lift his arm about halfway but not while lifting 10 pounds.  AR 102-03, 109.  He can stand for a while but then has to stretch or lay down.  He is in physical therapy to make it better.  AR 104.  Although Plaintiff appears to argue otherwise, Plaintiff's testimony is reasonably construed as describing his limitations during 2017 and not during the prior period.

For reasons that are not apparent on the record, the ALJ did not have the medical records surrounding Plaintiff's right shoulder surgery in March 2017 and subsequent physical therapy, AR 58-76, 91, 93-94, and low back pain diagnosed in June 2017 and physical therapy, AR 77-89.  Plaintiff submitted these records to the Appeals Council.  AR 2.  The medical records indicate a pre-operative diagnosis of right shoulder impingement syndrome with superior labrum anterior and posterior tear.  Plaintiff underwent right shoulder arthroscopic subacromial decompression, subacromial bursectomy, glenohumeral synovectomy, microfracture arthroplasty of the glenoid, excision of 2 cm loose body, superior labrum anterior and posterior repair, and manipulation under anesthesia on March 14, 2017.  AR 93.  The Appeals Council concluded that the evidence "does not show a reasonable probability that it would change the outcome of the decision," presumably because the evidence did not support a 12-month period of disability as of December 7, 2017, the date of the ALJ's decision.  AR 2; 20 C.F.R. §§ 1509, 1520(a)(4)(ii).  The Appeals Council notified Plaintiff that he must apply again.  AR 2.  This order is without prejudice to a determination of an onset date in connection with a subsequent application.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: April 21, 2020

_____
ALICIA G. ROSENBERG
United States Magistrate Judge